UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-14008-RAR

**ANTUASHIA NYTIQUA
MONIQUE SUMPTER**,

    Plaintiff,

v.

**STATE OF FLORIDA**, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** comes before the Court on Plaintiff Antuashia Sumpter's *pro se* Complaint filed pursuant to 42 U.S.C. § 1983. *See* Complaint ("Compl.") [ECF No. 1]. In her Complaint, Plaintiff alleges that her two public defenders are "incompetent" and that they never spoke to her about "the plea" or "pretrial detention." *Id.* at 2. Plaintiff asks the Court to "remove me prohibited prosecution from them" and "release me from the detention." *Id.* (errors in original). After careful review, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and **DISMISSES** the Complaint.

## LEGAL STANDARD

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(e)(2); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[D]istrict courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike." (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999))). During the initial screening, the court must identify any cognizable claims in the complaint. *See* 28 U.S.C. § 1915(e)(2)(B). The court must

then dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. *Id.* "A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). But despite the liberal construction afforded to *pro se* filings, they must conform with procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (explaining courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation). A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Twombly*, 550 U.S. at 555.

## ANALYSIS

Plaintiff names three defendants in her Complaint: the State of Florida and her two public defenders, Lugo Jeamette and Stephen Hooper. Compl. at 1. "To state a claim for relief in an action brought under § 1983, [Plaintiff] must establish that [she was] deprived of a right secured

by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). A person "acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

To begin, the State of Florida is immune from suit and must be dismissed on that basis. The Eleventh Amendment "precludes federal courts from entertaining suits . . . against a state brought by that state's own citizens[.]" *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001). In short, Plaintiff cannot sue the State of Florida unless the State consents to suit, Congress abrogates the State's sovereign immunity, or the limited exception set forth in *Ex Parte Young*, 209 U.S. 123 (1908), applies. *See Seminole Trible of Fla. v. State of Fla.*, 11 F.3d 1016, 1021 (11th Cir. 1994). "Congress has not abrogated Eleventh Amendment immunity in § 1983 cases, and the State of Florida has not waived sovereign immunity or consented to suit with respect to such actions[,]" *Driessen v. Univ. of Miami Sch. of Law Child. & Youth Law Clinic*, 835 F. App'x 489, 492 (11th Cir. 2020) (first citing *Cross v. State of Ala.*, 49 F.3d 1490, 1502 (11th Cir. 1995); and then citing *Hill v. Dep't of Corr., State of Fla.*, 513 So. 2d 129, 133 (Fla. 1987)), and "if a suit in reality is against the state itself, the *Ex Parte Young* doctrine is inapplicable[,]" *Seminole Tribe*, 11 F.3d at 1029. Since none of the exceptions to the Eleventh Amendment apply, the State of Florida is immune from Plaintiff's § 1983 suit.[1]

---

[1] Plaintiff also fails to allege that the State of Florida itself violated her constitutional rights, so she has additionally failed to state a claim against the State. *See, e.g.*, *Carter v. DeKalb Cnty., Ga.*, 521 F. App'x 725, 727 (11th Cir. 2013) ("In fact, the complaint does not allege that Appellants Bruggeman, Mitchum, Moore, or Vanderpool took any action at all. . . . [T]he district court properly dismissed the allegations against them."). Insofar as Plaintiff has sued the State with the sole purpose of getting "release[d] . . . from [ ] detention," Compl. at 2, a plaintiff cannot bring a § 1983 suit to challenge the validity of her conviction and must instead file a petition for writ of habeas corpus. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[H]owever, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.").

Next, Plaintiff cannot sue her public defenders for their "incompetence" because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. 2006) (same). Although public defenders are, of course, employed by the State, they only act under color of state law "when making hiring and firing decisions on behalf of the State" or "while performing certain administrative and possibly investigative functions." *Dodson*, 454 U.S. at 325. Since Plaintiff is merely challenging the quality of counsel's advocacy, Plaintiff cannot state a § 1983 claim against the public defender Defendants since they did not act under color of state law. *See Moore v. Bargstedt*, 203 F. App'x 321, 323 (11th Cir. 2006) (holding that "a state-appointed public defender" who makes an "incorrect" decision does not take "an action under color of state law").

In most instances, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them 'if it appears a more carefully drafted complaint might state a claim upon which relief can be granted' even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). However, the Eleventh Circuit has recognized three exceptions where "[a] district court need not [ ] allow an amendment: (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies . . . ; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Since there is no circumstance where Plaintiff can state a viable claim against any of the Defendants, the Court finds that any further amendment of the Complaint would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Complaint [ECF No. 1] is **DISMISSED** for failing to state a claim upon which relief may be granted. All pending motions are **DENIED** as moot. This Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 11th day of January, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**